WESTERN UNION TELEGRAPH CO. v. ORDWAY, GORDON & McGUIRE.

SUPREME COURT PRACTICE. *Lost record. How supplied. Clerk's compensation.* If the transcript of a record in this court properly filed is lost, it may be supplied by the parties upon an order made for that purpose, or by consent, but the court has no authority to compel the clerk of the inferior court to make out a new transcript and file the same without compensation.

FROM DAVIDSON.

RETURN TO CERTIORARI.

MAT ALLEN for Clerk.

COOPER, J., delivered the opinion of the court.

In this cause, which is an appeal in error from the circuit court of Davidson county, a transcript of the record was duly filed by the clerk of that court. The transcript was taken out of the office of the clerk of this court by the counsel of one of the parties, and he handed it to the counsel of the other party. On a former day of the present term, the counsel of both parties appeared and agreed that the transcript was lost, and, at their instance, an order was made that a *certiorari* issue to the clerk of the circuit court requiring him to make out and file a new transcript of the proceedings in the cause. The clerk returns on the

*certiorari* that he has prepared a certified copy of the proceedings as required, which he is ready to file upon the payment of his fees therefor, and he submits to the court whether he ought to be required to file the same without such payment.   We thought that the clerk was fairly entitled to have the point determined, the *certiorari* having been awarded without notice to him, and it being made the duty of the courts, upon application of the clerks, to decide any question arising under the law touching their compensation:  Code, sec. 4523.   It seemed, to us, moreover, a suitable occasion, inasmuch as the same order had been made in other cases upon similar facts, to enquire into the propriety of the proceeding, and to settle the practice. We suggested to the counsel of the parties and of the clerk that arguments would be received, and that the point for consideration was not whether the clerk was bound to obey the order of this court, but whether the order itself was proper.   Arguments have been submitted, and the question considered.

It is made the duty of the several clerks of the inferior courts of this State, when a cause is taken by appeal in error to this court, to make out and transmit to the clerk of the supreme court of his division, a transcript of the record within a specified time:  Code, sec. 4041.   The statute fairly implies, and such has been the practice, that the duty shall be performed without the pre-payment of the fees of the clerk for making out, certifying and transmitting the transcript.   The fees for these services have always been included in the bill of costs, and adjudged

upon final hearing. If the clerk transmit an imperfect transcript, his fees will, on motion, be stricken out of the bill of costs, and he may, moreover, be charged with the costs of the *certiorari* awarded to bring up a more perfect record: Code, sec. 4557. The mode of correcting the errors or omissions in the original transcript is by the award of a *certiorari* from this court to the clerk of the inferior court requiring him to make out and file a more perfect record: Code, sec. 3124; *Hamilton* v. *Hodgkins,* 1 Tenn., 109. If the clerk is not able to collect his fees from the party against whom they are finally adjudged, he may recover against the other party, by suit on motion, his fees for such services as may have been rendered at the instance of that party: *Ewing* v. *Lusk,* 4 Yer., 492; *Carren* v. *Breed,* 2 Cold., 465; Code, sec. 3204. We have not found, nor has our attention been called by counsel to any other provision of law regulating the duty of the clerks of the inferior courts in relation to the causes in this court, or conferring upon this court direct authority over those clerks in regard to such cases.

The clerks of the several courts of this State are required by law to make out and deliver to any person applying therefor, a correct transcript, properly certified, of any paper or record in his office, " on payment of the legal fees ": Code, sec. 4040 sub-sec. 9, and sec. 3792. The statute is general, and authorizes the clerk to demand the payment of his legal fees for such services before the delivery of the transcript. It undoubtedly applies to all cases where the services are

rendered, except those cases in which he is required by statute to furnish the record without pre-payment, or in which the courts are vested with authority to command similar services without payment in advance. The statutory regulations have already been quoted. This court has the power to adopt and use the necessary means for the exercise of its appellate jurisdiction, for otherwise it would not answer the purposes of its creation: *Foster* v. *Burem*, 1 Heis., 783. And it may, consequently, issue any writ or process necessary for the exercise or enforcement of its jurisdiction: Code, sec. 4503; *King* v. *Hampton*, 3 Hayw., 59; *Ing* v. *Davey*, 2 Lea, 276. It does not follow, however, that it will exercise its authority without requiring that the services demanded be paid for, unless it is otherwise provided by law. If it is made the duty of the clerk of a lower court to file a transcript in this court, and he fail to do so, or file an imperfect transcript, it is of course to award a *certiorari* to compel him to comply with the law. This is required, as we have seen, when an appeal or appeal in error is perfected. But if a party, instead of appealing, sue out a writ of error, it is his duty, not the duty of the clerk, to file the record: *Gillespie* v. *Goddard*, 1 Heis., 777. And the court has no power in such case, as we have repeatedly held, to make an order upon the clerk to deliver to the suitor a transcript of the record, where the only ground laid for the order is that the clerk demands payment of his legal fees before delivery. The court can only compel the clerk to perform an official duty, and then only when all

36—VOL. 8.

the pre-requisites to the performance have been complied with: *Ricks ex parte*, 7 Heis., 364.

There is no statute requiring the clerk of an inferior court, after he has once made out and filed a certified transcript of the proceedings in a cause brought up by appeal, to make out and file another transcript. There is no propriety or justice in requiring an innocent officer to suffer for the misfortunes of suitors, nor, *a fortiori*, for a loss occasioned by the negligence of the clerk of this court, or of the suitors in the cause, or of their counsel, or some one of them. There is no statute requiring this court to compel the clerk to make out and file another transcript. Nor is that the proper mode of supplying a lost record of this court. The power to supply records lost or destroyed is inherent in every court, because essential to the performance of its functions: *State* v. *Harrison*, 10 Yer., 546; *Scott* v. *Watson*, 3 Tenn. Ch., 652. The provision of the Code, sec. 3907, is only the common law on the subject of supplying lost records. It has been held to apply to this court: *Lane* v. *Jones*, 2 Cold., 318. If the parties require the court to act, they must prove the loss by proper evidence, and procure an order finding the fact of loss and directing that the loss be supplied by the best evidence the nature of the case will admit of. When the evidence is produced, the court must adjudge upon its sufficiency, and order the supplied papers to be substituted for the original: *Id.; Cornelius* v. *City Bank*, 3 Tenn. Ch., 5. The best evidence would ordinarily be a new transcript certified by the clerk of the lower court,

But the duty and expense of supplying it would fall upon the litigants, not upon the clerk. The cost of the proceeding under the statute would be taxable. If the parties choose to agree that the record is lost, and supply it by consent with a new transcript, they may do so. The court has no authority to coerce the clerk to perform the work without payment, at any rate upon the state of facts now before us. The order under consideration was, therefore, improvidently granted, and must be set aside.